IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT MAGID | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-358 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                                                  SEPTEMBER 18, 2008

Before the court for consideration is plaintiff's brief and statement of issues in support of request for review[1] (Doc. No. 9) and the response thereto (Doc. No. 14). The court makes the following findings and conclusions:

1. On September 11, 2003, Scott Magid ("Magid") filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI, respectively, of the Social Security Act, 42 U.S.C. §§ 401-433, 1381-1383f, alleging an onset date of December 15, 2000.[2] (Tr. 37-39). Throughout the administrative process, including an administrative hearing held on January 13, 2006 before an ALJ and in a December 3, 2007 order by the Appeals Council, Magid's claims were denied. (Tr. 4-6; 8-19; 20; 22-26). Pursuant to 42 U.S.C. § 405(g), on January 25, 2008, Magid filed his complaint in this court seeking review of that decision.

2. In his decision, the ALJ concluded that Magid's status post aortic valve replacement, attention deficit hyperactivity disorder, degenerative joint disease in his right knee, status post total knee replacement surgery, status post cervical laminectomy, and pancreatitis were severe impairments. (Tr. 13 Finding 3). The ALJ further concluded that Magid's impairments did not meet or equal a listing, that he retained the residual functional capacity ("RFC") to perform medium work, and that he was capable of performing his last relevant work, and therefore, he was not disabled. (Tr. 18 ¶ 3; 19 ¶ 1; 14 Finding 4; 15 Finding 5; 19 Findings 6, 7).[3]

3. The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc.

---

[1] Plaintiff filed a motion for summary judgment with his brief in support of motion for summary judgment, which the court will construe as a brief and statement of issues in support of request for review pursuant to the procedural order. (Doc. No. 5).

[2] Magid's date last insured is June 30, 2005. (Tr. 83). A previous claim for DIB was denied on October 1, 2002. (Id). Thus, the relevant time period for DIB is October 2, 2002 to June 30, 2005. I also note that a prior claim for SSI was denied on July 29, 2002, thus, the period of consideration for his SSI claim begins on July 29, 2002. (Id).

[3] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979).  It is more than a mere scintilla but may be less than a preponderance.  See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).  If the conclusion of the ALJ is supported by substantial evidence, this court may not set aside the Commissioner's decision even if it would have decided the factual inquiry differently.  Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999); see 42 U.S.C. § 405(g).

        4.     Magid raises four arguments in which he alleges that the determinations by the ALJ were either not supported by substantial evidence or were legally erroneous.  Because the Commissioner did not apply the proper legal standards and because his determination is not supported by substantial evidence, I must remand to allow the Commissioner to conduct the proper analysis.

        A.     Magid asserts that the ALJ erred in failing to discuss the opinion of the state agency psychologist, Ira Gensemer, Ed.D. ("Dr. Gensemer"), and in failing to find Magid had any mental limitations as a result of his ADHD.  20 C.F.R. §§ 404.1527(f)(2)(ii), 416.927(f)(2)(ii) provide, "[u]nless the treating source's opinion is given controlling weight, the administrative law judge must explain in the decision the weight given to the opinions of a State agency medical or psychological consultant or other program physician or psychologist."  The ALJ did not give controlling weight to the Magid's treating psychiatrist, Micheal Marceau, MD ("Dr. Marceau"), or treating psychologist, John Gerdes, Ph.D. ("Dr. Gerdes") and failed to mention the opinion of Dr. Gensemer.  Dr. Gensemer found Magid had moderate difficulties in maintaining social functioning, maintaining concentration, persistence, or pace, dealing with detailed instructions, completing a workday or workweek, and responding appropriately to criticism.  (Tr. 165; 169-70).  Dr. Gensemer then concluded Magid was capable of performing "routine nonskilled tasks."  (Tr. 171).  Both Dr. Marceau and Dr. Gerdes found Magid had ADHD and that despite treatment and/or medication Magid still did not have improvements in his concentration and/or organization.[4]  (Tr. 135; 136; 228; 232; 235-36; 239; 250).  In finding Magid capable of performing "at least semi-skilled work," the ALJ relied on a two time examining psychologist, Sue Labor Yohey, M. Ed. ("Dr. Yohey"), who found Magid's reports consistent with ADHD and that Magid had slight to moderate problems carrying out detailed instructions, making judgments on simple, work-related decisions, responding appropriately to work pressures and changes.[5] (Tr. 17 ¶ 4; 152; 153).  In coming to the determination that Magid did not have any mental limitations that would prevent him from performing "at least semi-skilled work," it is unclear whether or not the ALJ completely ignored Dr. Gensemer's opinion.[6]  Thus, the case must be remanded for the ALJ to

---

[4]I note Magid's concentration did seem to improve a bit when he was taking Concerta, however, he was unable to continue taking it because it caused him to develop gastritis and have to be hospitalized.  (Tr. 242; 244; 247; 250).

[5]Despite Magid's report to Dr. Yohey that he did not deal with authorities well and had "major problems" at work because he did not like someone telling him what to do, Dr. Yohey found he had less than slight problem interacting appropriately with supervisors.  (Tr. 150).

[6]The Commissioner argues that any error in failing to include mental limitations was harmless because Magid was found capable of performing his past relevant work that he performed with ADHD.  However, I note that Magid reported he got fired from every bank and mortgage company job because he did not follow through, did not check his work, and fought with the managers.  (Tr. 97).  As for his job as a dispatcher, he stated that he stopped

reconsider the medical evidence in the record regarding Magid's mental limitations and explain his reasoning for accepting and rejecting the various opinions.  See Burnett v. Comm'r of Social Sec. Admin., 220 F.3d 112, 121-22 (3d Cir. 2000).

    B. The above analysis demonstrates that the ALJ failed to fully consider the record before him, and thus, the court will not make a ruling on Magid's remaining arguments regarding whether or not the ALJ erred in determining that Magid could perform medium work and return to his past relevant work.

   5. Therefore, this case must be remanded in order for the ALJ to supplement his decision in a manner consistent with this opinion.

   An appropriate Order follows.

---

working there because he did not finish tasks and got the relevant numbers mixed up.  (Tr. 74).  The ALJ had an obligation to explain the weight he gave to Dr. Gensemer's opinions, and the ALJ's failure to explain this did not constitute harmless error.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SCOTT MAGID | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 08-358 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

## ORDER

AND NOW, this 18th day of September, 2008, upon consideration of the brief in support of review filed by plaintiff and the response thereto (Doc. Nos. 9, 14) and having found after careful and independent consideration of the record that the Commissioner did not apply the correct legal standards and that the record does not contain substantial evidence to support the ALJ's findings of fact and conclusions of law, it is concluded that the action must be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g). Therefore, for the reasons set forth in the memorandum above, it is hereby **ORDERED** that:

1. **JUDGMENT IS ENTERED REVERSING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** for the purposes of this remand only and the relief sought by Plaintiff through his brief and motion for summary judgment is **GRANTED** to the extent that the matter is **REMANDED** for further proceedings consistent with this adjudication; and

2. The Clerk of Court is hereby directed to mark this case closed.

/s/ Lowell A. Reed, Jr.
LOWELL A. REED, JR., Sr. J.